UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA JOLIN, | CASE NO. C18-5964 BHS |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| PUGET SOUND ENERGY INCORPORATED, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Brenda Jolin's ("Jolin") motion to remand. Dkt. 8. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 16, 2018, Jolin filed a complaint against Defendant Puget Sound Energy, Inc. ("PSE") in Pierce County Superior Court for the State of Washington. Dkt. 1-2. Jolin alleged PSE failed to correct severe and pervasive gender, age, and disability discrimination she experienced at work. *Id.* On November 21, 2018, PSE filed a notice of

removal in this Court. Dkt. 1. On December 2, 2018, Jolin moved to remand the case to state court. Dkt. 8. On December 21, 2018, PSE responded. Dkt. 12. On December 28, 2018, Jolin replied. Dkt. 13.

## II. FACTUAL BACKGROUND

This lawsuit arises out of discriminatory treatment of Jolin by her manager during her employment at and subsequent firing from PSE. Jolin alleges PSE failed to take adequate action to correct this discrimination.

Jolin is a 53-year-old disabled woman who was employed at PSE as a project manager. Dkt. 1-2, ¶¶ 5.1-5.2. Between January 2018 and July 2018, Jolin's manager, Justin Shahan ("Shahan") subjected her to a series of harassing and discriminatory actions. Examples of these actions include denying her a promotion in favor of a less-qualified younger colleague, reprimanding her for calling in sick due to her anxiety, suggesting she find a new position at PSE or take leave under the Family and Medical Leave Act ("FMLA")[1] if her job was too stressful, supervising her schedule with unwarranted and harassing scrutiny, depriving her of job responsibilities following return from FMLA leave, denying her a raise on the basis that she was "old enough to be making the kind of money [she made]," and accusing her of lying about smoking in a work vehicle on multiple occasions. *Id.*, ¶¶ 5.2–5.27. Shahan fired Jolin on July 20, 2018, the day before she was scheduled to take additional FMLA leave. *Id.*, ¶ 5.28.

---

[1] 29 U.S.C. § 2601, *et seq*.

## III. DISCUSSION

District courts have federal question jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). "A state-court action may be removed to federal court if it qualifies as a 'civil action . . . of which the district courts of the United States have original jurisdiction,' unless Congress expressly provides otherwise." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998) (citing 28 U.S.C. § 1441(a)).

"A plaintiff may not defeat removal by omitting to plead necessary federal questions," *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983), or "by casting in state law terms a claim that can be made only under federal law," *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (1997) (citing *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996)). Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," the party seeking removal bears the burden to prove jurisdiction exists. *Salverson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984).

PSE alleges that Jolin "has asserted claims that can only be made under federal law," and so the case is removable under § 1441(a). Dkt. 1 at 2–3.[2] Jolin counters that her lawsuit alleges only Washington law claims and does not allege PSE failed to comply with the FMLA. Dkt. 8 at 1. Jolin's complaint alleges claims for hostile work environment, disparate treatment, unlawful retaliation, actual discharge, and wrongful discharge under the Washington Law Against Discrimination ("WLAD"), RCW Chapter 49.60, as well as failure to reasonably accommodate and negligent infliction of emotional distress. Dkt. 1-2, ¶¶ 6.1–6.7. The claims for hostile work environment, disparate treatment, and unlawful retaliation each allege discrimination or retaliation on the basis of gender, age, FMLA status, and disability. *Id.* RCW 49.60.180 prohibits employer discrimination on the basis of age, sex, and disability, among other bases.[3] PSE argues that because the WLAD provides protections only on specific bases which do not include FMLA status, "Plaintiff must bring discrimination and retaliation claims relating to her FMLA status under federal law." Dkt. 1 at 2–3.

Jolin relies on *Ultramar America Ltd v. Dwelle*, 900 F.3d 1412 (9th Cir. 1990) for the proposition that as long as each of her claims have an alternate state-law basis, federal question jurisdiction will not lie. Dkts. 8, 13. In *Ultramar*, the Ninth Circuit found the district court should have remanded the case and explained: "[t]he fact that an alternative

---

[2] Diversity jurisdiction does not lie in this case, as Jolin is a Washington resident, and PSE is a Washington corporation. Dkt. 1 at 1.

[3] Gender is also considered a prohibited bases; as the Washington Supreme Court stated in *Mikkelsen v. Public Utility District No. 1 of Kittias Cty.*, "WLAD prohibits employers from discharging any employee on the basis of a protected characteristic, including age and gender." 189 Wn.2d 516, 526 (2017) (citing RCW 49.60.180(2)).

theory of relief exists for each claim alleged in the complaint, one not dependent upon federal law is itself grounds to defeat federal question jurisdiction." 900 F.3d at 1414. Similarly, in *Rains*, the plaintiff made direct and indirect references to Title VII in his state law causes of action. 80 F.3d at 342–43. The Ninth Circuit reasoned that "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Id*. at 346. The panel went on to note that the Supreme Court "decided this very issue in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809 (1988)" wherein, although the case dealt with patent law, the opinion "explicitly said that the same approach applies in determining general federal question jurisdiction." *Id.*

      PSE argues *Ultramar* is distinguishable because there, "plaintiff's environmental law claims could also be brought under state law and separately entitled plaintiff to relief." Dkt. 12 at 5. While Jolin has explicitly articulated a federal law status as a possible element of her right to relief unlike the plaintiff in *Ultramar* who referred generally to "environmental laws," 900 F.3d at 1414 n.5, that articulation does not negate the fact that each of Jolin's discrimination and retaliation claims have three additional state-law bases—gender, age, and disability. Like in *Rains*, Jolin "brought a state law claim and cited a federal statute as an alternative basis for establishing one element of [her] claim." 80 F.3d at 344. Thus, alternative and independent state law theories exist in support of Jolin's WLAD claim and federal question jurisdiction does not attach. *Id*. at 346.

ORDER - 5

Furthermore, review of Jolin's complaint shows that she nowhere alleges that the conduct she describes violates the FMLA. Neither does she make a claim for relief under the FMLA. Absent an explicit claim made under federal law in the plaintiff's complaint, omission of a necessary federal question, or a claim only available under federal law concealed in state law terms, federal jurisdiction will not lie. *See California*, 215 F.3d at 1014; *Franchise Tax*, 463 U.S. at 22; *Easton*, 114 F.3d at 982.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Jolin's motion to remand, Dkt. 8, is **GRANTED**. The Clerk shall remand to the Pierce County Superior Court and close the case.

Dated this 7th day of February, 2019.

BENJAMIN H. SETTLE
United States District Judge